UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ELIZABETH FLINT                                             CV

                                Plaintiff,
          -against-                                         **COMPLAINT**

ROCKAWAY KB COMPANY LLC                                     **JURY TRIAL REQUESTED**

                                Defendant.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Elizabeth Flint (hereafter referred to as "Plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against Defendant Rockaway KB

Company LLC ("Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.        This lawsuit opposes pervasive, ongoing and inexcusable disability

discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive

and equitable relief, as well as monetary damages and attorney's fees, costs and expenses

to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Executive Law (the "Executive Law"),

§ 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City

New York (the "Administrative Code"), § 8-107.  As explained more fully below,

Defendant owns, leases to, operates and controls a place of public accommodation that

violates the above-mentioned laws.  Defendant is vicariously liable for the acts and

omissions of its employees and agents for the conduct alleged herein.

2.      Defendant made a financial decision to ignore the explicit legal requirements for making its place of public accommodation accessible to persons with disabilities – all in the hopes that it would never be caught.  In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendant to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains currently a resident of the State and City of New York.

2

6.      At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant Rockaway KB Company LLC owns and operates the property located at 1912 Mott Avenue in Queens County, New York (hereinafter referred to as "1912 Mott Avenue").

8.      Defendant is licensed to and does business in New York State.

9.      At all relevant times, Defendant leases 1912 Mott Avenue to a place of public accommodation.

10.      At all relevant times, a place of public accommodation doing business as a Chase Bank is operated at 1912 Mott AvenueRockaway KB Company LLC (hereinafter referred to as the "Chase Bank" premises).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.      Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, the Chase Bank premises located at 1912 Mott Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

12.      The Chase Bank premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

13.      Numerous architectural barriers exist at Defendant's place of public accommodation that prevent and/or restrict access to Plaintiff, a person with a disability.

3

14.     Upon information and belief, 1912 Mott Avenue was designed and constructed for first possession after January 26, 1993.

15.     Upon information and belief, at some time after January 1992, Defendant made alterations to 1912 Mott Avenue, including areas adjacent and/or attached to 1912 Mott Avenue.

16.     Upon information and belief, at some time after January 1992, Defendant made alterations to the Chase Bank premises, and to areas of 1912 Mott Avenue related to the Chase Bank premises.

17.     Within the past three years of filing this action, Plaintiff attempted to and desired to access the Chase Bank premises.

18.     The services, features, elements and spaces of Defendant's place of public accommodation are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

19.     Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal and complete access to Defendant's place of public accommodation.

20.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the

Administrative Code, the Building Code of the City of New York ("BCCNY"), or the

2014 New York City Construction Code ("2014 NYC").

     21.    Barriers to access that Plaintiff encountered and/or which deter Plaintiff

from patronizing the Defendant's place of public accommodation as well as barriers that

exist include, but are not limited to, the following:

Public Entrances:

    I.    The public entrance is not accessible. See below.
*Defendant fails to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).*
*Defendant fails to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*
*Defendant fails to provide that ALL its public entrances are accessible. See 2014 NYC 1105.1.*

    II.    The public entrance doorway lacks level maneuvering clearances at the pull side of the double doors due to sloping at the sidewalk.
*Defendants' fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

Sales and Service Counters:

    III.    The service counter is not accessible. See below.
*Defendant fails to provide that at least one of each type of sales and/or service counter is accessible. See 1991 Standards 7.2(1), 2010 Standards 227.3, and 2014 NYC 1109.12.3.*

    IV.    The service counter is more than 36 inches above the finish floor.
*Defendant fails to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

    V.    Three (3) teller counters are provided and none is not labeled with the International Symbol of Accessibility as required.
*Defendant fails to display the International Symbol of Accessibility at accessible check-out aisles when not all check-out aisles are accessible. 1991 Standards 7.3(3), and 2010 Standards 216.11, and 2014 NYC 1110.1.6.*

<u>Public Exit:</u>

VI.   The public exit, which is also the public entrance, is not accessible as
      described above.
      *Defendant fails to provide accessible means of egress in the number
      required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1,
      and 2014 NYC 1007.1.*

22.      Upon information and belief, a full inspection of the Defendant's place of
public accommodation will reveal the existence of other barriers to access.

23.      As required by the ADA (remedial civil rights legislation) to properly
remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff
requires a full inspection of the Defendant's public accommodation in order to catalogue
and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that
Plaintiff intends on amending the Complaint to include any violations discovered during
an inspection that are not contained in this Complaint.

24.      Defendant has denied Plaintiff the opportunity to participate in or benefit
from services or accommodations because of disability.

25.      Defendant has not satisfied its statutory obligation to ensure that its
policies, practices, procedures for persons with disabilities are compliant with the laws.
Nor have Defendant made or provided reasonable accommodations or modifications to
persons with disabilities.

26.      Plaintiff has a realistic, credible and continuing threat of discrimination
from the Defendant's non-compliance with the laws prohibiting disability discrimination.
The barriers to access within Defendant's place of public accommodation continue to
exist and deter Plaintiff.

27.     Plaintiff frequently travels to the area where Defendant's place of public accommodation is located.

28.     Plaintiff intends to patronize the Defendant's place of public accommodation several times a year after it becomes fully accessible.

29.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Defendant's place of public accommodation is fully accessible.

30.     Plaintiff intends to patronize the Defendant's place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether Defendant's place of public accommodation is fully accessible.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

32.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

33.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

34.     Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

35.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled.  Defendant's policies and practices have disparately impacted Plaintiff as well.

36.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

37.     Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

38.     Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

39.     Upon making alterations to its public accommodation, Defendant failed to make its place of public accommodation accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

40.     Upon making these alterations to the primary function areas, Defendant failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

41.     28 C.F.R. § 36.406(5) requires Defendant to make the facilities and elements of its noncomplying public accommodation accessible in accordance with the 2010 Standards.

42.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

43.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

44.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

45.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

46.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

### SECOND CAUSE OF ACTION
**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

47.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

48.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

49.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is disabled.

50.     Defendant discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendant has aided and abetted others in committing disability discrimination.

51.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

52.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

53.     It would be readily achievable to make Defendant's place of public accommodation fully accessible.

54.     It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

55.     As a direct and proximate result of Defendant's unlawful discrimination in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

56.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

57.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

59.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.

60.     Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public

11

accommodation all because of disability in violation of the Administrative Code § 8-107(4). Each of the Defendant has aided and abetted others in committing disability discrimination.

61.     Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

62.     Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

63.     In violation of Administrative Code § 8-107(6), Defendant has and continues to, aid and abet, incite, compel or coerce each other in each of the other Defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

64.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Rockaway KB Company LLC continuously controlled, managed and operated the public sidewalk abutting 1912 Mott Avenue, which includes the portion of the sidewalk constituting the entrance to Defendant's place of public accommodation.

65.     Rockaway KB Company LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public

accommodation constitutes disability discrimination in a violation of the Administrative Code.

66.     Defendant discriminated against Plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

67.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

68.     Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

69.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

70.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

71.     By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully

expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

72.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

73.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

74.     Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

75.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

76.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

77.     Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices and procedures.

78.     Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

79.     Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

14

**DECLARATORY RELIEF**

80.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendant against Plaintiff and as to required alterations and modifications to Defendant's place of public accommodation, facilities, goods and services, and to Defendant's policies, practices, and procedures.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

81.     In order to enforce Plaintiff's rights against the Defendant, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the

2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendant's violations of New York State Executive Law and the Administrative Code of the City of New York;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendant for its violations of the Administrative Code of the City of New York;

F.   Award Plaintiff the monetary penalties for each and every violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

H.   Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: May 7, 2020
       New York, New York

                              Respectfully submitted,

                              **PARKER HANSKI LLC**


                              By:_____/s_____
                                   Glen H. Parker, Esq.
                                   Adam S. Hanski, Esq.
                                   Robert G. Hanski, Esq.

16

Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com
Email:ghp@parkerhanski.com
Email:rgh@parkerhanski.com